E: E. HUGHES v. C. F. APPLEGATE, Appellee, POLK COUNTY, Appellant, HENRY COUNTY, Appellee.

**Habeas Corpus:** TAXATION OF COSTS: ILLEGAL COMMITMENT. Where an inebriate has been illegally confined in an asylum and is discharged on habeas corpus, the costs of the proceeding should be taxed to the county from which the commitment issued, and not to the superintendent of the asylum or the county in which the same is located.

*Appeal from Henry District Court.*—HON. JAMES D. SMYTH, Judge.

TUESDAY, FEBRUARY 23, 1904.

ONE E. E. Hughes, a resident of Polk county, became addicted to excessive use of intoxicating liquors, and upon the application of his wife W. W. Thompson was appointed temporary guardian of his person January 2, 1902. On the next day, upon application of said guardian, and without notice to Hughes, the district court of Polk county entered an order committing the latter to the hospital for the insane at Mt. Pleasant "for the period of one year, or until the court has made further order in the premises either directing his release or further detention." The sheriff executed the order, and delivered Hughes to the superintendent of the hospital, who detained him until April 21, 1902, when a writ of *habeas corpus* was sued out in the district court of Henry county. Upon hearing the order of commitment was held illegal, and Hughes discharged. Thereupon counsel for Hughes moved that the costs be taxed to Polk county. It resisted, but the motion was sustained. The county appeals. —*Affirmed.*

*Halloran & Starkey* for appellant.

*F. M. Davenport* and *T. M. McAdam* for appellees.

LADD, J.—The court, in ordering the petitioner's discharge on writ of *habeas corpus*, necessarily adjudged his restraint at the hospital for the insane illegal. Section 4459 of the Code provides that: "If the plaintiff is discharged, the costs shall be taxed to the defendant, unless he is an officer holding the plaintiff in custody under a warrant of arrest or commitment or under other legal process, in which case the costs shall be taxed to the county." As defendant was superintendent of the hospital, he was an officer within the meaning of this statute. He held plaintiff in custody by virtue of an order of the district court of Polk county. Possibly, as contended by appellant, the statutes prior to the enactment of chapter 93 of the Acts of the Twenty-Ninth General Assembly (Laws 1902, page 58), did not authorize the

court to order the restraint of an habitual drunkard in one of the hospitals for the insane, nor the superintendent thereof to receive him—a point we do not deem it necessary to decide. It is enough for the purposes of this case that the defendant, as an officer, did restrain the plaintiff of his liberty, and so did by virtue of a commitment from the court. The very object of this statute was to shield officers from the burden of costs incurred in testing the validity of the orders and processes of the court which they in good faith undertake to carry out. It is only when the confinement for some reason is illegal that there is any occasion for the taxation of costs to any one except the plaintiff. But against what county are they to be taxed? We think that out of which the warrant, commitment, or other legal process issued is intended. The inception of the wrong was there, and the subsequent restraint is merely a continuation of what was there begun. Moreover, all the proceedings ordinarily have relation to an inhabitant of that county. There is nothing to indicate that the county in which the petitioner is restrained is intended, and, as the place of hearing is fixed by the proximity of the judge alone, the costs ought not to be taxed against the county where this occurs. Section 4458 merely requires the order of the judge, when the writ is granted, to be filed with the clerk of the district court of the county wherein the final proceedings are had, and a memorandum thereof to be entered in the judgment docket. This points out the place where the records may be found, including the order taxing costs, but furnishes no intimation of the party against whom these should be taxed.—AFFIRMED.